# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TAYLOR BAYNE, an individual, ) ) ) Plaintiff, ) ) v. ) ) PORTFOLIO RECOVERY ) ASSOCIATES, LLC, ) ) Defendant. ) | **CIVIL ACTION NO. 2:24-cv-01565-RDP** |

## DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Portfolio Recovery Associates, LLC ("PRA"), by counsel, respectfully submits the following Answer and Affirmative Defenses to Plaintiff's Complaint.

PRA denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. PRA further states that its investigation of the present matter is ongoing. Accordingly, PRA reserves the right to amend this Answer. PRA denies any and all allegations contained in the headings in the Complaint. With respect to footnotes 1 and 2 of the Complaint, these footnotes do not make any factual allegations of conduct by PRA and appear only to serve as Plaintiff's purported definitions for terms used in the Complaint. To the

extent the allegations in footnotes 1 and 2 of the Complaint require a response, PRA admits the allegations in these footnotes.

In response to the separately numbered paragraphs in the Complaint, PRA states as follows:

1. Admitted in part; denied in part. PRA admits that Plaintiff brings claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* PRA denies all remaining allegations in Paragraph 1 of the Complaint.

## **PARTIES**

2. After reasonable investigation, PRA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and as such these allegations are denied.

3. Admitted in part; denied in part. PRA admits that part of its business is the collection of unpaid accounts and that it uses various instruments of interstate commerce as part of its business. PRA denies the remaining allegations in Paragraph 3 of the Complaint as stated.

4. The allegations in Paragraph 4 of the Complaint do not make any factual allegations of conduct by PRA and appear only to serve as a placeholder for the addition of other defendants. To the extent the allegations in Paragraph 4 of the Complaint require a response, after reasonable investigation, PRA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in

Paragraph 4 of the Complaint, and as such these allegations are denied.

5.  PRA admits the allegations in Paragraph 5 of the Complaint.

## JURISDICTION

6.  Admitted in part; denied in part. PRA admits that the Court has personal jurisdiction over PRA. PRA denies that "[a]ll the actions described in this suit occurred in Alabama."

## VENUE

7.  PRA admits only that the Court has personal jurisdiction over PRA. PRA denies any and all remaining allegations in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8.  Admitted in part; denied in part. PRA admits only the accuracy of any properly quoted statutory language from 15 U.S.C. § 1692 *et seq.* PRA denies any allegations inconsistent therewith and all remaining allegations in Paragraph 8 of the Complaint.

9.  After reasonable investigation, PRA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and as such these allegations are denied.

10.  Admitted in part; denied in part. PRA admits that it attempted to collect an unpaid account from Plaintiff. PRA denies that it qualifies as a "debt collector" for purposes of the Fair Debt Collection Practices Act as calling for a legal

conclusion. PRA denies any and all remaining allegations in Paragraph 10 of the Complaint.

11.  PRA denies the allegations in Paragraph 11 of the Complaint as calling for a legal conclusion.

12.  PRA denies the allegations in Paragraph 11 of the Complaint as calling for a legal conclusion.

13.  Admitted in part; denied in part. PRA admits that Plaintiff owes PRA for an unpaid account. PRA denies the allegations in Paragraph 13 to the extent it implies Plaintiff does not, in fact, owe PRA for the unpaid account.

14.  The allegations in Paragraph 14 are so vague PRA cannot reasonably respond thereto as the term "collection activities" is open to multiple reasonable interpretations and is undefined. To the extent a response is required, after reasonable investigation, PRA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and as such these allegations are denied.

15.  Admitted in part, denied in part. PRA admits it filed suit against Plaintiff to recover the outstanding balance on the account, and that the lawsuit speaks for itself. PRA denies any allegations inconsistent therewith, and all remaining allegations in Paragraph 15 of the Complaint.

16.  Admitted in part, denied in part. PRA admits only that Plaintiff filed a

response to the lawsuit and that it speaks for itself. PRA denies any allegations inconsistent therewith and denies all remaining allegations in Paragraph 16 of the Complaint.

17. Admitted in part, denied in part. PRA admits only that Plaintiff filed a response to the lawsuit and that it speaks for itself. PRA denies any allegations inconsistent therewith and denies all remaining allegations in Paragraph 17 of the Complaint.

18. PRA denies the allegations in Paragraph 18 of the Complaint.

19. PRA denies the allegations in Paragraph 19 of the Complaint.

20. PRA denies the allegations in Paragraph 18 of the Complaint.

21. PRA denies the allegations in Paragraph 21 of the Complaint.

## CAUSES OF ACTION
### COUNT I
### ALLEGED VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq*.

22. PRA denies the allegations in Paragraph 22 of the Complaint.

23. PRA denies the allegations in Paragraph 23 of the Complaint.

## JURY TRIAL DEMAND

PRA admits that Plaintiff demands a trial by jury but denies such triable issues exist.

## **PRAYER FOR RELIEF**

PRA denies that Plaintiff is entitled to any relief, including but not limited to the relief requested in the paragraph beginning with "WHEREFORE."

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

To the extent PRA's conduct violated the Fair Debt Collection Practices Act, which is denied, such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

PRA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Portfolio Recovery Associates, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

Respectfully submitted this the 21st day of November, 2024.

/s/ R. Frank Springfield
R. Frank Springfield (SPR024)
Jackson C. Burrow (BUR232)
fspringfield@burr.com
jburrow@burr.com

Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5345

Attorneys for Defendant
PORTFOLIO RECOVERY ASSOCIATES, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to the following:

Patricia S. Lockhart
John G. Watts
M. Stan Herring
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203
particia@wattsherring.com
john@wattsherring.com
stan@wattsherring.com
*Attorneys for Plaintiff*

>*/s/ R. Frank Springfield*
>OF COUNSEL